UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER LEWIS, | : | CIVIL NO: 4:13-CV-00604 |
| Plaintiff | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| CORIZON, INC., *et al.*, | : | |
| Defendants | : | |

# REPORT AND RECOMMENDATION

## I. Introduction.

This case comes before the court for a statutorily mandated screening review. The plaintiff, Christopher Lewis, is convinced that he has HIV even though he has taken two HIV tests in the last year and a half that have come back negative. He claims that the defendants in this case falsified the test results and have not provided him with needed medical care. We have reviewed the complaint in accordance with 28 U.S.C. § 1915A, and we conclude that it fails to state a claim upon which relief may be granted. We recommend that Lewis's application for leave to proceed *in forma pauperis* be granted and that Lewis be granted leave to file an amended complaint.

## II. Factual Background and Procedural History.

Lewis, a state prisoner proceeding *pro se*, commenced this civil rights action by filing a complaint naming as defendants Corizon, Inc. and Bioference Labs and the following individuals: James Welsbarges, C. Newfield, Nurse Showalter, Nurse Rob, Dr. Conrado, and Nurse Kos. Lewis also filed an application for leave to proceed *in forma pauperis*

Lewis alleges that, in June of 2010, he had cellulitis in right index finger, and the county prison at which he was then incarcerated sent him to Aria Health Care, where a nurse asked him how far along his HIV is. According to Lewis, he did not know what she was talking about. Lewis alleges that, he later went "up state," and he noticed that he was losing weight, that he was not going to the bathroom properly, and that he had soreness in his calf muscles. So, in September of 2011, while at the State Correctional Institution at Camp Hill, he decided to take an HIV test, which came back negative. Still feeling the same, in May of 2012, while at the State Correctional Institution at Huntingdon, he took another HIV test, which also came back negative.

According to Lewis, he is still losing weight, and the medical staff at SCI-Huntingdon is not helping him. He contends that Bioference Labs falsified the medical tests so that the state can cut down on the cost of medical treatment for inmates. Lewis alleges that he filed grievances about this, but his grievances were rejected. He

alleges that he received his medical chart from the hospital, and he wrote staff asking that they go over his chart with him so that they could see the medications that he had been taking while in the hospital. Defendant Kos, however, wrote him saying that they don't do that. Lewis alleges that he put in sick call slips and requests about his illness, and he told defendant Showalter about his weight loss, about not going to the bathroom properly, and about the soreness in his calf muscles. According to Lewis, Showalter kept saying that he is fine, but she did not perform another test to prove that he is fine.

Lewis asserts that he does not trust the medical staff within the Department of Corrections. He asks that the court order that his blood be drawn and tested for HIV, and if the test comes back positive, he requests monetary damages from Bioference Labs for falsifying medical records and from Corizon and Showalter for the pain and suffering they caused by not giving him the medical care that he needs.

**III. Discussion.**

    **A. Screening of *Pro Se* Complaints—Standard of Review.**

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases that seek redress against government officials. Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in

pertinent part:

> **(a) Screening.—**The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.—**On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>     **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>     **(2)** seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), continuing with our opinion in *Phillips [v. County of Allegheny,* 515 F.3d 224, 230 (3d Cir.2008)], and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), pleading standards have seemingly shifted from

> simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler, supra*, 578 F.3d at 211. "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all well-pleaded factual allegations in the complaint, and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,* 20 F.3d 1250, 1261 (3d Cir. 1994). A court, however, "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to

5

dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

In conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal, supra,* 556 U.S. at 679.

Thus, following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010)(quoting *Iqbal, supra,* 556 U.S. at 675 & 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

**B. The Complaint Fails to State a Claim Upon Which Relief May Be Granted Against Defendants Welsbarges, Newfield, Rob, and Conrado.**

Lewis has not alleged facts from which it can reasonably be inferred that defendants Welsbarges, Newfield, Rob, and Conrado violated his constitutional rights.

Liability under Section 1983 "'cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1998)). Thus, a constitutional deprivation cannot be premised merely on the fact that the defendant was a prison

supervisor when the incidents set forth in the complaint occurred. *See Alexander v. Forr*, 297 F. App'x 102, 104-05 (3d Cir. 2008). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009).

There are two viable theories of supervisory liability. *Santiago v. Warminster Twp.*, 129 F.3d, 121, 129 n.5 (3d Cir. 2010). Under the first theory, a supervisor can be liable if he or she established and maintained a policy, practice, or custom that directly caused the constitutional harm. *Id.* Under the second theory, a supervisor can be liable if he or she participated in violating the plaintiff's rights, directed others to violate the plaintiff's rights, or as the person in charge had knowledge of and acquiesced in his or her subordinates' violations of the plaintiff's rights. *Id.*

In this case, Lewis names Welsbarges, Newfield, Rob, and Conrado as defendants, but the complaint contains no allegations whatsoever concerning these defendants. The lack of allegations regarding these defendants leads to the conclusion that Lewis is seeking to hold them liable solely on the basis of their supervisory roles. Because respondeat superior is not a viable theory of liability in this context, the defendants cannot be liable on that basis. Lewis has failed to allege any facts showing that they were personally involved in the events underlying his claims, and, thus, the

complaint fails to state a claim upon which relief may be granted against defendants Welsbarges, Newfield, Rob, and Conrado.

### C. The Complaint Fails to State a Claim Upon Which Relief May Be Granted Against Defendants Bioference Labs and Corizon, Inc.

The complaint also fails to state a claim upon which relief may be granted against defendants Bioference Labs and Corizon, Inc.

The principle that *respondeat superior* liability does not exist under 42 U.S.C. § 1983 extends even to a for-profit private corporation. *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583 (3d Cir. 2003)("PHS [Prison Health Services] cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability."). The United States Court of Appeals for the Third Circuit has applied the standard for municipal liability to claims against a private corporation providing services in a prison. *Id.* at 584.

To state a claim against a municipality, a plaintiff must allege that the violation of his rights was caused by a policy of the municipality. *Id.* Municipal policies include the decisions of a government's lawmakers and the acts of its policymaking officials as well as municipal customs, which are acts or practices that, even though not formally approved by an appropriate decisionmaker, are so persistent and widespread as to have the force of law. *Id.*; *Natale, supra,* 318 F.3d at 583. In other words, a

municipality "'can be held responsible as an entity when the injury inflicted is permitted under its adopted policy or custom.'" *Mulholland v Gov't County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013)(quoting *Beck v. City of Pittsburgh,* 89 F.3d 966, 971 (3d Cir. 1996)).

"Based on the Supreme Court's reasoning in the landmark *Monell* case, courts have recognized a 'two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom.'" *Id.* (quoting *Beck, supra,* 89 F.3d at 971).

> Policy is made when a "decisionmaker possess[ing] final authority to establish municipal policy with respect to the action" issues an official proclamation, policy, or edict. A course of conduct is considered to be a "custom" when, though not authorized by law, "such practices of state officials [are] so permanent and well-settled" as to virtually constitute law.

*Id.* (quoting *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990)(citations omitted) (alterations in original). "Custom . . . may also be established by evidence of knowledge and acquiescence." *Beck, supra,* 89 F.3d at 971. "To satisfy the pleading standard, [a plaintiff] must identify a custom or policy, and specify what exactly that custom or policy was." *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Additionally, there must be a direct causal link between the policy or custom and the alleged constitutional violation. *City of Canton v. Harris,* 489 U.S. 378, 385 (1989).

Although Lewis is seeking to hold Corizon, Inc. liable for failure to provide him with needed medical care, he has not alleged essential elements of a claim of corporate liability under § 1983. He has not alleged any facts from which it can reasonably be inferred that Corizon had a policy or custom of denying medical care, the nature of any policy or custom, or that a policy or custom caused a violation of his rights. Accordingly, the complaint fails to state a 42 U.S.C. § 1983 claim upon which relief may be granted against Corizon, Inc.

Similarly, the complaint fails to state a claim upon which relief may be granted against Bioference Labs. While Lewis alleges that Bioference falsified test results in order to save the state money, that allegation is a conclusion without any supporting facts. Lewis has not alleged any facts from which it can reasonably be inferred that Bioference Labs had a policy or custom of falsifying test results or that a policy or custom caused a violation of his rights. Accordingly, the complaint fails to state a 42 U.S.C. § 1983 claim upon which relief may be granted against Bioference Labs.

**D. The Complaint Fails to State a Claim Upon Which Relief May Be Granted Against Defendants Showalter and Kos**.

The complaint fails to state a claim upon which relief may be granted against defendants Showalter and Kos.

In order for a plaintiff to allege a viable Eighth Amendment medical-care claim, he must allege facts from which it can reasonably be inferred that the defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976). *See also Groman v. Township of Manalapan,* 47 F.3d 628, 637 (3d Cir. 1995)("Failure to provide medical care to a person in custody can rise to the level of a constitutional violation under § 1983 only if that failure rises to the level of deliberate indifference to that person's serious medical needs.").

Deliberate indifference is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 840 (1994). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney,* 571 F.3d 318, 330 (3d Cir. 2009). To act with deliberate indifference, the prison official must have known of the substantial risk of serious harm and must have disregarded that risk by failing to take reasonable measures to abate it. *Farmer, supra,* 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

The Third Circuit has found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v.*

*Plantier,* 182 F.3d 192, 197 (3d Cir. 1999). The Third Circuit has also held that "[n]eedless suffering resulting from the denial of simple medical care, which does not serve any penological purpose, . . . violates the Eighth Amendment." *Atkinson v. Taylor,* 316 F.3d 257, 266 (3d Cir. 2003).

At the same time, it is also clear that the mere misdiagnosis of a condition or medical need, or negligent treatment provided for a condition, is not actionable as a constitutional claim because medical malpractice is not a constitutional violation. *See Spruill v. Gillis,* 372 F.3d 218, 235 (3d Cir. 2004); *Singletary v. Pa. Dep't of Corr.,* 266 F.3d 186, 192 n. 2 (3d Cir. 2002)(claims of medical malpractice, absent evidence of a culpable state of mind, do not constitute deliberate indifference under the Eighth Amendment). Instead, deliberate indifference represents a much higher standard, one that requires "obduracy and wantonness, which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk." *Rouse, supra*, 182 F.3d at 197 (quoting *Whitley v. Albers,* 475 U.S. 312, 319 (1986)). "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." *Durmer v. O'Carroll,* 991 F.2d 64, 67 (3d Cir. 1993)(citations omitted).

Judged against these legal benchmarks, the complaint in this case fails to allege facts from which it can reasonably be inferred that defendant Showalter or defendant Kos were deliberately indifferent to Lewis's serious medical needs. Although Lewis

believes that he has HIV, he has not alleged facts to show that defendants Showalter and Kos believe that he has HIV or any other serious medical need. Accordingly, they cannot be seen, on the facts alleged, to have been aware that their action would cause a substantial risk of serious harm to Lewis. Thus, the complaint fails to state an Eighth Amendment claim against defendants Showalter and Kos.

### E. The Complaint Should Be Dismissed Without Prejudice.

Before dismissing a complaint for failure to state a claim upon which relief may be granted under the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). In light of this requirement, although this screening merits analysis calls for dismissal of the complaint, Lewis should be granted another, final opportunity to further litigate this matter by endeavoring to promptly file an amended complaint. Thus, we recommend that the complaint be dismissed, but we recommend that the dismissal be without prejudice to Lewis filing an amended complaint to attempt to state a claim upon which relief may be granted.

## IV. Recommendations.

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that Lewis's application to proceed *in forma pauperis* be granted. **IT IS FURTHER RECOMMENDED** that the complaint be dismissed, but we also recommend that Lewis be granted leave to file an amended complaint to attempt to state a claim upon which relief may be granted.[1]

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or

---

1 We note that any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Any amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. Any amended complaint will completely replace the original complaint. If an amended complaint is filed, the original complaint will have no role in the future litigation of this case. Any amended complaint must also comply with the pleading requirements of the Federal Rules of Civil Procedure.

15

in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 28th day of May, 2013.

                                               S/*Susan E. Schwab*
                                               Susan E. Schwab
                                               United States Magistrate Judge